JUSTICE LEAPHART,
dissenting.
¶43 I j oin in the dissent of Chief Justice Turnage and add the following considerations as bearing upon my conclusion that the District Court was correct in concluding that this document was a valid holographic testamentary trust:
¶44 1. The author, in typical precatory and testamentary fashion, characterizes himself as being of “sound and disposing mind[.]”
*244 ¶45 2. Cate was cognizant that he was about to marry a woman whom he had known for less than a month and that by his marriage to her he would have stepchildren whom he barely knew.
¶46 3. The language “twenty years subsequent to the date of my death,” indicates both a commencement date (date of death) and a fixed termination date, twenty years thereafter.
¶47 4. Cate, an experienced attorney, knew how to fund an inter vivos trust but did not do so here.
¶48 5. Cate used a testamentary reference to the distribution of the mineral interests to his daughters “or their heirs per stirpes[.]”
¶49 6. Cate died leaving no formal last will and testament.
¶50 7. The beneficiaries of the testamentary trust were his daughters; his natural heirs and expected recipients of the mineral interests he had inherited from his mother and uncle.
¶51 8. As typical with holographic documents, the document is handwritten and not notarized.
¶52 Although there are certainly other provisions in the document which lend themselves to a contrary interpretation, when the document is read as a whole and in light of the circumstances under which it was executed, it is clear to me that Cate intended it to be testamentary in nature. Accordingly, I respectfully dissent.
JUSTICE REGNIER joins in the foregoing dissenting opinion.